J-S53018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF Z.E.A.F., A MINOR | IN THE SUPERIOR COURT OF |
| APPEAL OF: A.W., FATHER | PENNSYLVANIA |
| | No. 887 EDA 2017 |

Appeal from the Order Entered February 24, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000147-2017
CP-51-DP-0002593-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 25, 2017**

A.W. ("Father") appeals from the order entered February 24, 2017, granting the petition of the Department of Human Services ("DHS") and terminating his parental rights to his minor daughter, Z.E.A.F. ("Child"). We affirm.

The trial court summarized the relevant factual background and procedural history of this case as follows.

> The Child's family became known to [DHS] on July 6, 2013[,] through a Child Protective Service ("CPS") report alleging [H.F. (")Mother[")] tested positive for marijuana when Child's younger sibling was born [i]n July [], 2013. At the time, Father did not reside with Mother and Child. In January 2014[,] DHS learned that Mother had been evicted from her home. Thereafter, Mother found new housing but was evicted again [in] March [of] 2014[,] and Mother and Child began residing at the People's Emergency Center ("PEC"). While at PEC, Child's finger was severed as a result of an accident while [s]he was playing unattended.

On January 22, 2015, the [trial court] adjudicated the Child dependent. At a permanency review hearing held on October 22, 2015, Mother and Father appeared before [a master] who ordered that the Child remain committed. Father was referred to the Clinical Evaluation Unit ("CEU") for an evaluation and three random drug screens. Father was also granted supervised weekly visits. On January 13, 2016, CEU completed a [p]rogress [r]eport regarding Father stating that he was not compliant with his Single Case Plan ("SCP").

A permanency review hearing was held on January 21, 2016. Mother and Father appeared at this hearing. [At the conclusion of the hearing, the trial court ordered] that Father's visits were to remain supervised and he was referred to the CEU for an assessment and a drug screen. On March 21, 2016, the SCP objectives identified for Father were to submit to three random drug screens before the next court listing, to maintain the visitation schedule, and to make himself available to CUA. On October 20, 2016, CEU completed a [p]rogress [r]eport regarding Father indicating he did not report to CEU as [required]. DHS also learned that Father had pled guilty to drug related offenses on several occasions in the past five [] years.

On or about February 7, 2017, DHS filed the underlying [p]etition to [t]erminate Father's [p]arental [r]ights to the Child. On February 24, 2017, [the trial court terminated] Father's parental rights to the Child pursuant to 23 Pa.C.S.A. § 2511[(a)(1), (2), (5), and (8) and (b)]. The [trial c]ourt [changed Child's permanency goal] to adoption. Thereafter, Father filed a [n]otice of [a]ppeal on March 10, 2017.[1]

Trial Court Opinion, 4/21/17, at 2-3 (internal citations omitted).

Appellant presents two issues for our review:

1. Did [DHS] sustain the burden that Father's rights should be terminated when there was evidence that Father had completed and/or had been actively completing [his] permanency goals?

_____

[1] Contemporaneously therewith, Father filed a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court issued its 1925(a) opinion on April 21, 2017. Both of Father's issues were included in his concise statement.

2. Was there sufficient evidence presented to establish that it was in the best interest of the Child to terminate Father's parental rights?

Father's Brief at 4.

Appellant's two issues challenge the sufficiency of the evidence to terminate his parental rights. It is well-settled that:

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In Interest of H.K.*, 161 A.3d 331, 338 (Pa. Super. 2017) (internal alteration and citation omitted). "The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid." *In re K.H.B.*, 107 A.3d 175, 178 (Pa. Super. 2014) (citation omitted).

The trial court terminated Father's parental rights under section 2511(a)(1),(2),(5) and (8), and (b). This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).

We focus our attention on section 2511(a)(8) along with section 2511(b).

Those statutory provisions provide that:

> (a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> * * *
>
> (8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.
>
> * * *
>
> (b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

The focus in terminating parental rights under section 2511(a) is on the parent, but, under section 2511(b), the focus is on the child. **In re Adoption of C.L.G.**, 956 A.2d 999, 1008 (Pa. Super. 2008) (*en banc*). As this Court explained:

> In order to terminate parental rights pursuant to [section] 2511(a)(8), the following factors must be demonstrated: (1) The child has been removed from parental care for 12 months or

- 4 -

more from the date of removal; (2) the conditions which led to the removal or placement of the child continue to exist; and (3) termination of parental rights would best serve the needs and welfare of the child.

*In re Adoption of M.E.P.*, 825 A.2d 1266, 1275–1276 (Pa. Super. 2003).

"Section 2511(a)(8) sets a 12–month time frame for a parent to remedy the conditions that led to the children's removal by the court." *In re A.R.*, 837 A.2d 560, 564 (Pa. Super. 2003). Once the 12–month period has been established, the court must next determine whether the conditions that led to the child's removal continue to exist, despite the reasonable good faith efforts of DHS supplied over a realistic time period. *Id.* Termination under Section 2511(a)(8) does not require the court to evaluate a parent's current willingness or ability to remedy the conditions that initially caused placement or the availability or efficacy of DHS services. *In re Adoption of T.B.B.*, 835 A.2d 387, 396 (Pa. Super. 2003).

The portion of Father's brief addressing termination under section 2511(a)(8) consists of a single sentence, "The evidence established that Father was close to achieving all of his goals [.]" Father's Brief at 13. As noted above, however, the trial court was not required to evaluate whether Father was willing or able to remedy the conditions that originally caused the placement. *Id.* Therefore, even if Father were close to achieving all of his goals, that was immaterial when considering whether DHS proved that termination was appropriate under section 2511(a)(8). Accordingly, we

conclude that the trial court did not err in concluding that termination was appropriate under section 2511(a)(8).

Having determined that section 2511(a)(8) was satisfied by clear and convincing evidence, we turn next to whether section 2511(b) was satisfied by clear and convincing evidence.

> If the grounds for termination under [section 2511(a)] are met, a court shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The emotional needs and welfare of the child have been properly interpreted to include intangibles such as love, comfort, security, and stability. [Our Supreme Court has] held that the determination of the child's needs and welfare requires consideration of the emotional bonds between the parent and child. The utmost attention should be paid to discerning the effect on the child of permanently severing the parental bond.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (internal quotation marks and citations omitted).

Since July 22, 2015, Child has been out of the care of her parents. She has been in the care of her current guardian ("Paternal Aunt") since August of 2015. Paternal Aunt meets Child's needs. Child attends daycare, is medically up to date, and developmentally on target. Furthermore, Child resides with her sibling while under the care of Paternal Aunt. It is a loving and nurturing home, in which the children are thriving.

The entirety of Father's argument related to section 2511(b) discusses the alleged bond between himself and Child. As this Court has explained, a trial court,

is not required by statute or precedent to order a formal bonding evaluation by an expert. Indeed, in assessing the parental bond, the [trial] court is permitted to rely upon the observations and evaluations of social workers. Moreover, the mere existence of an emotional bond does not preclude the termination of parental rights. . .

In addition to a bond examination, the trial court can equally emphasize the safety needs of the child, and should also consider the intangibles, such as the love, comfort, security, and stability the child might have with the foster parent. Additionally, this Court stated that the trial court should consider the importance of continuity of relationships and whether any existing parent-child bond can be severed without detrimental effects on the child.

*In re K.M.*, 53 A.3d 781, 791 (Pa. Super. 2012), *overruled on other grounds*, *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) (internal alteration and citations omitted).

Contrary to Father's argument, the trial court found the CUA representative's testimony regarding the bond between Father and Child credible. *See* Trial Court Opinion, 4/21/17, at 6. Father fails to acknowledge, however, that the CUA representative also testified that the bond was not meaningfully developed because of Father's failure to appear for visitations. *See* N.T., 2/24/17, at 19. Furthermore, the trial court credited the CUA representative's testimony that Father was not capable of caring for Child and that termination of his parental rights was in the best interest of Child. Accordingly, we conclude that the trial court did not err in finding by clear and convincing evidence that termination of Father's

- 7 -

parental rights was in the best interest of Child.  As such, the trial court did not err in terminating Father's parental rights.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017